STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
Telephone:  (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| IN RE: | Case No. 19-51486-btb |
| | (Chapter 11) |
| ESSEX REAL ESTATE PARTNERS, LLC, | |
| | Hearing Date:    TBD |
| | Hearing Time:    TBD |
| | Estimated Time: 30-45 minutes |
| Debtor. | Set By:        Calendar Clerk |
| _____/ | |

### **DEBTOR'S PLAN OF REORGANIZATION**

Dated:              March 25, 2020

Filed by:           STEPHEN R. HARRIS, ESQ.
                    HARRIS LAW PRACTICE LLC
                    6151 Lakeside Drive, Suite 2100
                    Reno, Nevada 89511
                    Telephone: (775) 786-7600

                    Attorney for ESSEX REAL ESTATE PARTNERS, LLC,
                    a Nevada limited liability company

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

1

**ESSEX REAL ESTATE PARTNERS, LLC**, a Nevada limited liability company, Debtor and Debtor-in-Possession ("Debtor") in the above-captioned Chapter 11 reorganization case, pursuant to 11 U.S.C. § 1121(a), hereby proposes the following **DEBTOR'S PLAN OF REORGANIZATION**, by and through its attorney undersigned and named herein, and requests confirmation thereof pursuant to the provisions of 11 U.S.C. § 1129(a) and (b).

## I.

## INTRODUCTION

This DEBTOR'S PLAN OF REORGANIZATION is proposed by ESSEX REAL ESTATE PARTNERS, LLC, Debtor and Debtor-in-Possession herein, for the resolution of the Debtor's outstanding creditor obligations and shareholder arrangements. DEBTOR'S PLAN OF REORGANIZATION (the "PLAN") is offered pursuant to Chapter 11 of Title 11 of the United States Code, and should be read in conjunction with the proposed DEBTOR'S DISCLOSURE STATEMENT ("DISCLOSURE STATEMENT") concerning this Debtor that will be approved by the United States Bankruptcy Court.

Along with this proposed Plan, creditors will receive a Disclosure Statement which has been approved by the United States Bankruptcy Court. The Court has determined that the Disclosure Statement is adequate to enable creditors to make an informed judgment on whether to accept or reject the Plan. The Disclosure Statement fully sets forth the Debtor's background information, an analysis of the Debtor's financial position and a summary of this Plan. The Debtor has not authorized any statement or representation, such as the value of its property or the amount of its creditors' claims, that is not contained in the Court approved Disclosure Statement.

Information as to the procedures relating to approval, confirmation and consummation of the Plan may be obtained from STEPHEN R. HARRIS, ESQ. of the law firm HARRIS LAW PRACTICE LLC, attorneys for the Debtor, upon written request.

THE PROVISIONS OF THE CONFIRMED PLAN WILL LEGALLY BIND THE DEBTOR AND ITS CREDITORS, REGARDLESS OF WHETHER THEY HAVE FILED CLAIMS OR HAVE ACCEPTED THE PLAN. Creditors should thoroughly review both the Plan and the Disclosure Statement before determining whether to accept or reject the proposed Plan.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE,
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

2

## II.
## DEFINITIONS
## SCOPE OF DEFINITIONS

For the purposes of this DEBTOR'S PLAN OF REORGANIZATION, all capitalized terms and otherwise defined terms shall have the meanings assigned to them in this Article II. Whenever the context requires, such terms shall include the plural number as well as the singular and the female and/or masculine gender as well as the neuter.

1.    "ADMINISTRATIVE CLAIM."  This term shall refer to and mean every claim that is entitled to allowance under Section 503(b) of the Bankruptcy Code or otherwise entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code, arising prior to the Effective Date, including, without limitation: **(a)** any actual, necessary expense preserving the Estate, including, without limitation, expenses necessary or appropriate to carry out, facilitate, or effectuate this Plan; **(b)** any amount required to be paid under Section 365(b) of the Bankruptcy Code in connection with the curing of defaults under executory contracts or unexpired leases; and **(c)** all allowances, including professional fees and costs, approved by the Bankruptcy Court for the Receiver and his professionals, and the Debtor's professionals and members of and professionals employed by the Unsecured Creditors' Committee, if any.

2.    "ALLOWED ADMINISTRATIVE CLAIM" shall mean an Administrative Claim: **(a)** as to which no objection has been filed or, if an objection has been filed, such objection has been resolved by the allowance of such Administrative Claim by a Final Order; **(b)** which requires payment in the ordinary course of the business of the Debtor and as to which there is no order of the Bankruptcy Court in effect which prohibits any such payment; or **(c)** which requires payment pursuant to a Final Order.

3.    "ALLOWED CLAIM" or "ALLOWED INTEREST" shall mean claims against or interest in the Debtor to the extent that--

(a) Proof of claim or interest was–

(I)  timely filed;

(ii) deemed filed, if such claim or interest appears in the schedules filed herein, unless such claim or interest is scheduled as disputed, contingent, or unliquidated; or

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

(iii)  late filed–

(I)  with leave of the Bankruptcy Court; or

(II)  without objection by the Debtor-in-Possession within a time fixed by the Bankruptcy Court; and

(b) (I)  the Debtor-in-Possession does not file an objection within a time fixed by the Bankruptcy Court; or

(ii)  the claim or interest is allowed by a Final Order; or

(iii)  the claim or interest is allowed under this PLAN.

4.    "ALLOWED PRIORITY CLAIM" shall mean a Priority Claim which is an Allowed Claim.

5.    "ALLOWED SECURED CLAIM" shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under Section 553 of the Code, to the extent of the value (determined in accordance with Section 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such set-off, as the case may be.

6.    "ALLOWED SUBORDINATED CLAIM" shall mean an Allowed Claim arising from any Indebtedness evidenced by or related to the claim of a Subordinated Creditor.

7.    "DEFINITION OF THE BALLOT" shall mean the Ballot(s) for accepting or rejecting this Plan in a form(s) approved by the Bankruptcy Court.

8.    "BANKRUPTCY CODE" as used herein refers to Title I of Public Law No. 95-598, as codified in Title 11 of the United States Code, and all amendments thereto.

9.    "BANKRUPTCY COURT" (or "COURT") shall mean the United States Bankruptcy Court, for the District of Nevada (Reno, Nevada), in which the Debtor's Chapter 11 case is pending, such other court as has jurisdiction in its Chapter 11 case, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

10.    "BANKRUPTCY RULES" shall mean the Federal Rules of Bankruptcy

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

4

1  Procedure, promulgated under 28 U.S.C. § 2075, including any amendments thereto, which are

2  in effect before and as of the Confirmation Date, and thereafter during the Reorganization Case,

3  to the extent that they are consistent with vested rights under this Plan and the Confirmation

4  Order.

5        11.    "BUSINESS DAY" shall mean any day except Saturday, Sunday, or a day on

6  which commercial banks in Washoe County, Nevada, are authorized or required by law to close.

7        12.    "CLAIM" shall mean:  **(a)** any right to payment from the Debtor or its Estate,

8  including an Administrative Claim, whether or not such right is reduced to judgment, or is

9  liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal,

10  equitable, secured or unsecured; and **(b)** any right to an equitable remedy for breach of

11  performance of such breach gives rise to a right to payment from the Debtor or its Estate,

12  including an Administrative Claim, whether or not such right to an equitable remedy is reduced

13  to judgment, or is fixed, contingent, matured, unmatured, disputed, secured or unsecured.

14        13.    "CLAIMANT" shall mean the holder of an Allowed Claim or an Allowed

15  Administrative Claim.

16        14.    "CLASS" shall mean any class into which Allowed Claims or Allowed Interests

17  are classified pursuant to Article IV.

18        15.    "COMMENCEMENT DATE" (or "PETITION  DATE") shall mean the date the

19  Debtor filed its Petition for Relief [December 27, 2019], which date shall be utilized to determine

20  the cessation of interest on certain claims and the date of commencement of the rights of certain

21  creditors to make claim for administrative expenses and allowances, among other rights that are

22  determined by relation to said date.

23        16.    "CONFIRMATION" shall mean the entry of the Confirmation Order by the United

24  States Bankruptcy Court.

25        17.    "CONFIRMATION DATE" shall mean the date on which the Confirmation Order

26  is entered on the Bankruptcy Court's docket.

27        18.    "CONFIRMATION ORDER" shall mean the Order of the Bankruptcy Court

28  confirming this Plan pursuant to Section 1129 of the Bankruptcy Code and approving the

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

5

transactions contemplated herein, which shall be in form and substance acceptable to the proponents.

19.    "CREDITOR" shall mean any entity that has a claim against the Debtor, which claim arose to or before the order for relief concerning the Debtor, including any claim that may arise under 11 U.S.C. Sections 502(f), 502(g), 502(h) and 502(I).

20.    "DEBTOR" shall mean ESSEX REAL ESTATE PARTNERS, LLC, a Nevada limited liability company, Debtor and Debtor-in-Possession herein.

21.    "DEBTOR'S ASSETS" shall mean all assets and property of every kind, nature and description of which the Debtor or its Estates have any right, title or interest, including but not limited to: real property, personal property, including but not limited to bank deposits, instruments, credit of instruments, certificates of deposit and drafts; all executory contracts which are not and have not been rejected; all choses in action; and all claims, demands, causes of action, damages and obligations of any nature whatsoever, known or unknown in law or in equity, including, without limitation, claims or causes of action arising under the Bankruptcy Code (including, without limitation, Sections 362, 510, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code), or under any Nevada statute or regulation.

22.    "DEBTOR'S PROFESSIONALS" shall mean STEPHEN R. HARRIS, ESQ., of the law firm of HARRIS LAW PRACTICE LLC, as Debtor's general bankruptcy counsel; and all other professionals retained by the Debtor with approval of the Bankruptcy Court, in accordance with Section 327 of the Bankruptcy Code.

23.    "DISCLOSURE STATEMENT" means the written DEBTOR'S DISCLOSURE STATEMENT with respect to this Plan which is approved by the Bankruptcy Court under Section 1125 of the Bankruptcy Code.

24.    "DISPUTED CLAIM" shall mean every claim that is not an Allowed Claim or an Allowed Administrative Claim or to which the Debtor or the Unsecured Creditors' Committee or Party-in-Interest files an objection before the deadline for objection set forth in this Plan or an operative order of the Bankruptcy Court.

25.    "EFFECTIVE DATE of the PLAN" shall mean the first Business Day which is at

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

6

1 | least thirty (30) calendar days after all of the following have occurred (so long as they remain in
2 | effect): **(a)** this Plan has been confirmed pursuant to the Confirmation Order and the Confirmation
3 | Order remains in full force and effect without material modification thereof; **(b)** there is not in
4 | effect any stay, injunction or restraining order or any other order of any kind which has been
5 | issued by a Court of competent jurisdiction or other governmental entity staying, restricting or
6 | prohibiting the effectuation of this Plan; and **(c)** there is not in effect any statute, rule, regulation
7 | or order enacted, promulgated or entered which is applicable to the effectuation of this Plan of
8 | which results in the consequences referred to in subsection (b) immediately above.

9 |       26.     "EQUITY HOLDINGS" shall mean the Debtor's equity members' interests
10 | retained in the PLAN, after payment of all allowed creditors' claims.

11 |       27.     "ESTATE" shall mean the Estate created in the Reorganization Case pursuant to
12 | Section 541 of the Bankruptcy Code.

13 |       28.     "EXPIRATION DATE" shall mean the last date determined by the Bankruptcy
14 | Court for the casting of Ballots, which date shall be acceptable to the proponents.

15 |       29.     "FINAL ORDER" shall mean a final order, judgment or other decree of the
16 | Bankruptcy Court or other Court of competent jurisdiction which has not been vacated, reversed,
17 | saved, modified or amended **(a)** as to which **(i)** the time to appeal or seek review or rehearing has
18 | expired and as to which no appeal, petition for certiorari, request for review or rehearing is
19 | pending, or **(ii)** if appeal, review, rehearing or certiorari of the order has been sought, the order
20 | has been affirmed or the request for review, rehearing or certiorari has been denied, the time to
21 | seek a further appeal, review, rehearing or certiorari has expired, and **(b)** as a result of which such
22 | orders shall become final and not appealable in accordance with applicable law.

23 |       30.     "LIEN" shall mean a charge or encumbrance against or interest in property of the
24 | Debtor or the Est ate to secure the payment of a debt or performance of an obligation, and includes
25 | any right of setoff under Section 553 of the Bankruptcy Code.

26 |       31.     "PERSON" includes individual, partnership, corporation, association, joint stock
27 | company, joint venture, estate, trust, unincorporated organization, any governmental unit or
28 | political subdivision thereof, or other entity, and all of the respective heirs, personal

STEPHEN R. HARRIS, ESQ,
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

7

representatives, successors and assigns.

32.    "PETITION DATE" shall mean December 27, 2019, the date on which a Petition for Relief under Chapter 11 of the Bankruptcy Code was filed by the Debtor commencing a reorganization case.

33.    "PLAN" means the DEBTOR'S  PLAN OF REORGANIZATION, in the form filed by the proponent and any amendments or modifications thereof or supplements thereto filed by the proponent and permitted by Article X hereof or the Bankruptcy Court .

34.    "PRIORITY CLAIM" shall mean a claim entitled to priority under Section 507(a)(2)-(8) of the Bankruptcy Code.

35.    "PROPONENT" shall mean the Debtor acting as the proponent of this Plan.

36.    "*PRO RATA* SHARE" shall mean the proportion that an Allowed Claim in a particular class bears to the aggregate amount of all Allowed Claims in such class.

37.    "PURCHASER" shall mean the transferee of a voluntary transfer.

38.    "RECORD DATE" shall mean, for purposes of voting, the date of entry by the Bankruptcy Court of the Order Approving the Disclosure Statement and, for purposes of distribution, the Confirmation Date.

39.    "REORGANIZATION CASE" shall mean the Debtor's case under Chapter 11 of the Bankruptcy Code, which is currently pending before the Bankruptcy Court as Case No. 19-51486-btb.

40.    "REORGANIZED DEBTOR"    shall    mean    ESSEX    REAL    ESTATE PARTNERS, LLC, a Nevada limited liability company, Debtor and Debtor-in-Possession, on and after the Effective Date of the PLAN.

41.    "SECURED CLAIM" shall mean the claims of note holders and, for purposes of this Plan, any other claim secured by a lien which is valid, perfected, enforceable and not avoidable.  If the value of the creditors' interest and the Estate's interest in the property securing a claim is not sufficient to satisfy such claim, then in accordance with Section 506 of the Bankruptcy Code and subject to Section 1111(b) of the Bankruptcy Code, such claim shall be deemed to be an unsecured claim under this Plan to the extent of any insufficiency in the value of

STEPHEN R. HARRIS, ESQ,
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

8

the creditors' interest.

42. "UNSECURED CLAIM" shall mean any claim which is not a Secured Claim, Priority Claim, Administrative Claim, or an unclassified claim or the kind described in Section 507(a)(7) of the Bankruptcy Code.

43. "UNSECURED CREDITORS' COMMITTEE" means the Unsecured Creditors' Committee appointed by the Bankruptcy Court in this Reorganization Case, if any, as modified by the addition or removal of members from time to time by the Bankruptcy Court. A term used in this PLAN that is not defined in this PLAN but that is used in the Bankruptcy Code has the meaning assigned to the term.

## III. ADMINISTRATIVE AND UNCLASSIFIED CLAIMS

## ADMINISTRATIVE CLAIMS:

All costs and expenses of administration in this case, including any actual and necessary expenses of preserving or liquidating the assets of the Debtor's estate, all allowances, including professional fees and costs, approved by the Court, and any other costs and expenses entitled to priority pursuant to 11 U.S.C. § 507(a)(1) of the Bankruptcy Code and 28 U.S.C. § 1930, shall be paid in full on or before the Effective Date of the Plan., unless otherwise agreed to in writing by the parties. The holders of these claims include the attorneys and accountants for the Debtor, unpaid post-petition accounts payable (if any), and all fees to be paid to the Office of the United States Trustee. The estimated administrative expenses projected for the Debtor's reorganization proceeding range from $1,200,000 to $1,500,000, and consist of the following:

| $0.00 | Trustees fees that are owed the U.S. Trustee's Office for the applicable quarters of 2019/2020 prior the Confirmation Date [payment is anticipated to be made when due]; |
|---|---|
| $1,200,000 – $1,500,000 | Estimated unpaid professional fees and expenses for the Debtor's general bankruptcy attorney, Stephen R. Harris, Esq., of HARRIS LAW PRACTICE LLC, calculated as of the Confirmation Date (Debtor's counsel is seeking to be employed on a contingency basis, wherein it will be paid a percentage of the proceeds of the sale of the Property although the payment will be made by the Debtor's largest equity holders, Royal Essex, LLC). Based on a $40,000,000 gross sales price, the contingency |

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

9

fee would be $1,200,000, and at a $50,000,000 gross sales price, the contingent fee would be $1,500,000, based on 3% of the gross sales price.

$0.00        Post-petition accounts payable with [all post-petition administrative expenses are expected to be paid in full in the normal course of business prior to the Confirmation Date].

Professional fees, both legal and accounting, shall continue to accrue up through and subsequent to the Confirmation Date, with final amounts owing subject to Court approval.

UNCLASSIFIED UNSECURED PRIORITY CLAIMS:

1. **Description**. The Debtor's unsecured priority claims are as follows:

| Name | Scheduled Amount | Proof of Claim Amount | Allowed Priority Amount |
|------|------|------|------|
| Internal Revenue Service | 0.00 | 600.00 | 0.00 |
| **Total:** | 0.00 | 600.00 | 0.00 |

Pursuant to the Debtor's Plan, the treatment and disposition of the unclassified priority claims, will be as follows: Any claim discrepancy will be resolved by the claim objection process, with the stipulated amount and/or Court decreed amount owing used to calculate that particular creditors' allowed claim being paid by the Debtor.   All unclassified unsecured priority creditors, shall be paid 100% of their allowed claim amount, with statutory interest thereon, over a one (1) year time period commencing on the Effective Date of the Plan.  The payments shall be made monthly, equally amortized over twelve (12) months, with statutory interest accrued thereon, but without any penalties. At the option of the Debtor, any allowed unsecured priority claims may be paid on a shortened time schedule from the one (1) year described hereinabove. In the event the Debtor fails to make the payments as set forth hereinabove, the allowed general priority creditors, if any, shall have the right to proceed with any administrative remedies available to them, fifteen (15) days after written notice of default has been given to the Debtor and its attorney, Stephen R. Harris, Esq.

## IV. CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to Section 1122 of the Bankruptcy Code, claims against the estate have been

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

10

divided into the following classifications for purposes of administration and voting on the Plan:

1. <u>CLASS 1 SECURED CLAIM **[CLARK COUNTY TREASURER]**</u>: This Class consists of the secured claim of the CLARK COUNTY TREASURER in the approximate unpaid principal sum of $2,597,004.72, plus accruing interest at the statutory rate, calculated as of the Petition Date. The Class 1 secured claim of the Clark County Treasurer is secured by a statutory lien recorded against the Debtor's Property.

2. <u>CLASS 2 CLAIM **[DISPUTED CLAIM OF NEXBANK, SSB AND IFA]**</u>: This Class consists of the disputed claims of NexBank, SSB, IFA and any purported assignees, arising from the Notes, Term Loan Agreement and Deed of Trust recorded against the Debtor's Real Property. NexBank, SSB, as administrative and collateral agent for the Lenders, filed a Proof of Claim (Claim No. 1) on January 6, 2020, in this bankruptcy case alleging that the sum of $584,462,133.58 is due and owing by Debtor. As stated in the Debtor's Complaint and MSJ, the Debtor alleges that it does not owe anything under the Notes, Term Loan Agreement and Deed of Trust by operation of the Ancient Mortgage Statute.

3. <u>CLASS 3 **[EQUITY INTERESTS OF DEBTOR]**</u>: This Class consists of the members' equity interests in ESSEX REAL ESTATE PARTNERS, LLC, as identified in the List of Equity Security Holders filed with the Voluntary Petition (Docket No. 1) and detailed as follows:

| <u>**Member Name**</u> | <u>**Percentage Interest**</u> | <u>**Kind of Interest**</u> |
|---|---|---|
| Anthony & Linda Pusateri | .0333% | Member |
| Azteca Real Estate Partners, LLC | 14.040000% | Member |
| DJIP, LLC | .375000% | Member |
| Furthest South, LLC | 14.040000% | Member |
| George Holman Bankrupt Estate | .67033% | Member |
| Inspirada Investment Group LLC | .83300% | Member |
| Learma, Inc. | .041604% | Member |
| Marvin & Marsha Trimas Trust UA | .167000% | Member |

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

11

| | | |
|---|---|---|
| Resource Investors Capital Holdings, LLC | .83300% | Member |
| Royal Union Trust, Successor-in-Interest to Robert & Breese Glennon | .250000% | Member |
| Robert & Judy Johnston | .50000% | Member |
| Ronald J. Fadel | .08330% | Member |
| Royal Essex LLC | 65.517900% | Member |
| Royal Union Trust, Successor-in-Interest to Valner & Dawn Johnson | .333000% | Member |
| Royal Union Trust, Successor-in-Interest to Two Musketeers Trust | 1.958000% | Member |
| Tenrab Limited Partnership | .400000% | Member |

## V. TREATMENT OF CLASSES

1.    CLASS 1 SECURED CLAIM [CLARK COUNTY TREASURER]: The Class 1 Secured Claim of the Clark County Treasurer shall retain its existing security interest consisting of a statutory tax lien recorded against the Debtor's Property.  The Class 1 secured claim shall accrue interest at the statutory rate from the Petition Date until paid in full, and the entire principal balance and unpaid accrued interest shall be all due and payable in eighteen (18) months from the Effective Date of the Plan, upon sale or refinance of the Property.  Accordingly, the Class 1 secured claim of the Clark County Treasurer is impaired under the PLAN.

2.    CLASS 2 CLAIMS [DISPUTED CLAIM OF NEXBANK, SSB AND IFA]:  The disputed Class 2 claim(s) shall not be paid until an allowed claim is mutually agreed upon or adjudicated by the Court through the pending adversary proceeding. In the event any claim is allowed for Class 2, the claim shall be paid pursuant to the parties' agreement to be determined at a later date. Accordingly, the Class 2 Disputed Claims are impaired under the Plan.

3.    CLASS 3 [EQUITY INTERESTS OF DEBTOR]:  The equity interests of the members of ESSEX REAL ESTATE PARTNERS, LLC existing on the Petition Date shall remain unchanged and unaltered.  Accordingly, the Class 3 equity interests of the Debtor are unimpaired under the Plan.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

12

## VI.

## TREATMENT OF EXECUTORY CONTRACTS, NON-EXECUTORY CONTRACTS, UNEXPIRED LEASES AND DISPUTED CLAIMS

### 1.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

All executory contracts and unexpired leases not specifically assumed or rejected as of the Confirmation Date or as to which an application to assume or reject shall not be pending on the Confirmation Date shall be deemed rejected by the Debtor.

### 2.  DISPUTED CLAIMS.

Through its Disbursing Agent, the Debtor will only make distributions according to the Plan and when claims become allowed claims as such terms are defined in the Plan.  There are currently claims pending against the Debtor, either filed or scheduled, which are or will become Disputed Claims.  As to some Disputed Claims, the Debtor disputes only the classification of the claims asserted by the holder.  With respect to other Disputed Claims, the Debtor accepts the classification asserted by the holder but disputes the amount of the claim alleged by such holder.  In some cases, the Debtor disputes both the asserted classification and the alleged amount.  In addition, the Debtor and other parties in interest may object to certain other claims based upon equitable or contractual subordination pursuant to § 510 of the Bankruptcy Code.  Specifically, such subordination claims may be asserted against any person or entity buying claim(s) for speculation and profit in Debtor's bankruptcy case.  No distribution will be made with respect to any such Disputed Claims unless and until they become allowed claims. Debtor disputes the following claims at this time: **NexBank, SSB, Integrated Financial Associates, Inc. and their successors or assignees.**

Claims Objections.  Objections to Claims shall be filed with the Court and served upon each holder of a Claim to which objection is made no later than sixty (60) days after the Confirmation Date.

Payment Procedures.  Payments to the holder of a Claim to which objection has been made that ultimately becomes an Allowed Claim shall be made in accordance with the provision of the PLAN with respect to the Class of Creditors to which the holder of such an Allowed Claim

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

1  belongs.  However, interest, if any, on any funds reserved for a contested claim shall inure to the

2  benefit of the holder of such an Allowed Claim.

3      Avoidance Actions.  To the extent appropriate, the Debtor shall have the right to bring

4  any and all avoidance actions, the same to be commenced with 90 days of the Confirmation date.

5  Proceeds of all avoidance actions shall vest in the Debtor pursuant to 11 U.S.C. §1141.

6                                    **VII.**

7                        **STATEMENT OF IMPAIRMENT**

8      There are two (2) classes impaired under the Plan, those being Class 1 and Class 2.

9  Class 3 is unimpaired, and therefore is not entitled to vote.

10                                   **VIII.**

11                   **MEANS FOR EXECUTION OF THE PLAN**

12     **1.    Sale or Refinance**

13     The Debtor shall fund the proposed Plan payments through proceeds from a refinance,

14  joint venture agreement or sale of the Property. Debtor's representatives are currently negotiating

15  a sale of the Property, subject to Court approval, after notice and hearing.

16     **2.    Equity Ownership Continued Contributions**

17     From the Petition Date through the date that the Debtor's Property is sold or refinanced,

18  Royal Essex, LLC shall fund any ongoing administrative and operational expenses of the Debtor,

19  including but not limited to insurance premiums and United States Trustee's quarterly fees.

20     **3.    Post-Confirmation Default**

21     In the event the Debtor becomes delinquent in any duty or obligation under the Plan, the

22  affected creditor or creditors may provide written notice of such default to the Debtor and its

23  counsel.  The Debtor shall thereafter have fifteen (15) business days from receipt of said notice

24  in which to cure the default.  In the event such default remains uncured, the affected creditor or

25  creditors shall be entitled to foreclose upon any collateral (if a secured creditor) or take other

26  appropriate action.  The Debtor shall have the right to bring the issue of default before the

27  Bankruptcy Court.  At any hearing, the Bankruptcy Court may consider the reason for the default

28  and the ability of the Debtor to cure the default in a reasonable period of time.  The Bankruptcy

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

14

1  Court may also consider conversion of the case to a Chapter 7 of the Bankruptcy Code or dismissal
2  of the same is in the best interest of creditors.

3          **4.    Professionals' Fees**

4          After the Confirmation Date of the Plan, the Debtor and any other professional, such as
5  Debtor's general bankruptcy counsel, any special purpose counsel or accountants, will not be
6  required to apply to the Court for compensation for services rendered post-confirmation. Post-
7  confirmation compensation of the Debtor's professionals shall be at their normal agreed upon
8  rate(s) and customary cost charges.

9          **5.    Distribution**

10         All cash proceeds shall be distributed in the foregoing manner except amounts necessary
11 to pay disputed claims against the Debtor in the event they are allowed, which shall be held as a
12 reserve and paid as such claims are determined by agreement between the parties or as are
13 judicially determined.

14         **6.    Taxes**

15         Unless otherwise provided in the Plan, all taxes are paid current and there are tax liens
16 recorded against the real property owned by the Debtor.

17                                    **IX.**

18                    **MISCELLANEOUS PROVISIONS**

19         1.    THE DISBURSING AGENT.

20         ESSEX REAL ESTATE PARTNERS, LLC, in its capacity as Debtor and Debtor-in-
21 Possession, is ultimately responsible for making all distributions pursuant to the Plan. To assist
22 it in discharging those responsibilities, Debtor shall select a depository institution authorized by
23 the Court for all funds which are to be sequestered for claims of creditors and ultimately
24 distributed to creditors holding allowed claims.

25         2.    UNCLAIMED DISTRIBUTIONS.

26         Any property to be distributed pursuant to the Plan, if not claimed by the distributee within
27 one (1) year after the payment, shall be returned to the Debtor.

28

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

3.    EFFECT OF CONFIRMATION.

Upon confirmation and performance of the Plan, ESSEX REAL ESTATE PARTNERS, LLC, shall be discharged from any debt that arose before the date of Confirmation, and any debt of a kind specified in §§ 502(g), 502(h), or 502(I) of the Bankruptcy Code, to the full extent permitted by Bankruptcy Code § 1141(d). In addition, pending execution of the Plan, and unless the Court has otherwise expressly ordered or the Plan otherwise expressly provides, all creditors and parties in interest shall be stayed from proceeding against the assets of ESSEX REAL ESTATE PARTNERS, LLC, including stay of default proceedings.

4.    EXCULPATION.

Neither the Unsecured Creditors' Committee, if any, nor Debtor nor any of their respective members, officers, directors, employees, representatives, professionals or agents, will have or incur any liability to any Creditor for any act or omission in connection with or arising out of the Reorganization Case, including, without limitation, prosecuting confirmation of this Plan, consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for gross negligence, willful misconduct or fraud or breach of fiduciary duty.

5.    NOTICE. Any notice described in or required by the terms of the PLAN or the Code and Rules shall be deemed to have been properly given when actually received or if mailed, five days after the date of mailing, if such shall have been sent by certified mail, return receipt requested, and if sent to:

The Debtor, addressed to:
STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511

6.    HEADINGS. the headings used herein are inserted for convenience only and neither constitute a portion of the PLAN nor in any manner affect the construction of the provisions of the PLAN.

7.    SEVERABILITY. Should any provision of the Plan be determined to be

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

16

1  unenforceable following the Effective date, such determination shall in no way limit or affect the

2  enforceability of any and all other provisions of the Plan.

3        8.    <u>GOVERNING LAW</u>.  Except to the extent that the Code or other applicable

4  federal law is applicable, the rights, duties and obligations arising under the Plan shall be governed

5  by and construed in accordance with the laws of the State of Nevada.

6        9.    <u>SUCCESSORS AND ASSIGNS</u>.  The rights, duties and obligations of any Person

7  named or referred to in the Plan shall be binding upon and shall inure to the benefit of the

8  successors and assigns of such person.

9        10.    <u>DESIGNATION OF MANAGERS</u>. Jeri Knudson, Manager of the Debtor, shall

10  continue to serve as the Manager of the Debtor and shall be compensated for her services, as may

11  be agreed to by Royal Essex and Jeri Knudson.

12  **X.**

13  **MODIFICATION OF THE PLAN**

14        The Debtor will have the right to modify this Plan in accordance with the provisions of

15  the Bankruptcy Code and Chapter 11.  In this regard:

16        1.    In accordance with Section 1127(a) of the Bankruptcy Code and Chapter 11, 11

17  U.S.C. § 1127(a), modification(s) of this Plan may be proposed in writing by the Debtor at any

18  time(s) before their confirmation, <u>provided that</u> the Plan, as thus modified, meets the requirements

19  of Sections 1122 and 1123 of the Bankruptcy Code and Chapter 11, 11 U.S.C. §§ 1122 and 1123,

20  and the Debtor complies with Section 1125 of the Bankruptcy Code and Chapter 11, 11 U.S.C.

21  § 1125.

22        2.    In accordance with Section 1127(b) of the Bankruptcy Code and Chapter 11, this

23  Plan also may be modified by the Debtor at any time(s) after confirmation and before substantial

24  consummation of this Plan, <u>provided that</u> the Plan, as thus modified, meets the requirements of

25  Sections 1122 and 1123 of the Bankruptcy Code as more fully set forth in Section 1127.

26        3.    Any holder(s) of a claim that has accepted or rejected the Plan will be deemed to

27  have accepted or rejected, as the case may be, the Plan as modified unless, within the time fixed

28  by the Court for doing so, such holder(s) changes their previous acceptance(s) or rejection(s).

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

17

4.      Every modification of this Plan will supersede the previous version(s) of the Plan as and whenever each such modification is effective as provided in this Article X.    When superseded, the previous version(s) of the Plan will be in the nature of withdrawn or rejected settlement proposal(s), and will be null, void, and unusable by the Debtor or any other party for any purpose(s) whatsoever with respect to any of the contents of such version(s) of the Plan.

## XI.

## DISCHARGE AND STAY CONTINUATION

Confirmation and performance of this Plan will discharge the Debtor from any and all debts dischargeable under Section 1141(d) of the Bankruptcy Code and Chapter 11, 11 U.S.C. § 1141(d), and will otherwise have all effects provided in such 11 U.S.C. § 1141, which are not expressly inconsistent with the provisions of this Plan.  Pending execution of this Plan and unless: (a) the Court has otherwise expressly ordered; or (b) this Plan otherwise expressly provides, all creditors will continue to be stayed from proceeding against the Debtor or its assets.

## XII.

## RETENTION OF JURISDICTION

Notwithstanding confirmation of this PLAN, the Court will retain jurisdiction for the following purposes, and each of them:

1.      The Court will retain jurisdiction to determine the allowability and payment of any claim(s) upon any objection(s) thereto (or other appropriate proceedings) by the Debtor or by any other party in interest entitled to proceed in that manner.  As part of such retained jurisdiction, the Court will continue to determine the allowability of Administrative Claims and any request(s) for payment(s) thereof, including professional fees and costs which are Administrative Claims.

2.      The Court will retain jurisdiction to determine any dispute(s) which may arise regarding the interpretation of any provision(s) of this PLAN.

3.      The Court will retain jurisdiction to facilitate the consummation of this PLAN by entering, consistent with the provisions of this PLAN, any further necessary or appropriate order(s) regarding the enforcement of this PLAN and any provision(s) thereof.

4.      The Court will retain jurisdiction to adjudicate any cause(s) of action or other

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

18

proceeding(s) presently pending or otherwise referenced here or elsewhere in this PLAN, including, but not limited to, the adjudication of any and all "core proceedings" under 28 U.S.C. § 157(b), which may be pertinent to this Reorganization Case, and which the Debtor may deem it appropriate to initiate and prosecute in aid of its reorganization.

5.    The Court will retain jurisdiction to enter an appropriate final decree in this Reorganization Case.

6.    The Court will retain jurisdiction to enter an appropriate final decree, and any interim order(s), in any adversary proceedings which may be initiated during this Chapter 11 proceeding.

**XIII.**

**FEASIBILITY OF DEBTOR'S PLAN**

Debtor believes that the PLAN is feasible based upon the significant equity in the Property that exceeds $50,000,000, which sum, more or less, will be available to pay allowed creditors and equity holders under the Plan.

**XIV.**

**LIQUIDATION ANALYSIS**

Debtor is proposing a liquidating PLAN where its assets will likely be liquidated by the Debtor.

The PLAN must provide that a nonconsenting impaired claimant or interest holder of a consenting class receive at least as much as would be available had the debtor filed a Chapter 7 petition instead.

In a Chapter 7 case, the general rule is that the debtor's assets are sold by a trustee. Unsecured creditors share in the proceeds of sale only after secured creditors and administrative claimants are paid. Certain unsecured creditors get paid before other unsecured creditors do. Unsecured creditors with the same priority share in proportion to the amount of their allowed claim in relationship to the total amount of allowed claims. Equity holders get distributions only after all other allowed creditors get paid.

A creditor would recover from the assets of the bankruptcy estate less under Chapter 7

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

19

1  than under Chapter 11 for two reasons.  First, in this Chapter 11 case, Debtor's counsel is being

2  paid on a contingency basis, but the fee will be deducted from the largest equity holder's

3  distribution.  The Debtor's largest members also have significant knowledge regarding the Las

4  Vegas real estate market and are better equipped to obtain the highest value for the Property in a

5  sale or refinance than a trustee would be. Second, in a Chapter 7 case a trustee is appointed and

6  is entitled to compensation from the bankruptcy estate in an amount no more than 25% of the first

7  $5,000 of all money disbursed, 10% on any amount over $5,000 but less than $1,000,000, 5% on

8  all amounts over $1,000,000 but less than $3,000,000, and reasonable compensation not to exceed

9  3% on any amount over $3,000,000, thus diminishing monies available for payment to creditors

10  and equity holders.

11          Thus, if there were a liquidation of assets, Debtor believes that unsecured creditors and

12  equity holders would not receive more on their claims than is being proposed in Debtor's Plan.

13  Debtor's Plan proposes payment in full to allowed creditors, and said creditors would not receive

14  more from a liquidation.

15                                          XV.

16                          **DISCLOSURE STATEMENT**

17          When the Debtor solicits the requisite acceptance(s) of this Plan, it will be accompanied

18  by a Disclosure Statement that will have been approved by the Court, as amended, prior to such

19  solicitation.  The Debtor requests that all parties whose acceptance(s) of this Plan are solicited

20  should direct their attention to the Disclosure Statement.

21                                          XVI.

22                          **CONFIRMATION REQUEST**

23          WHEREFORE, ESSEX REAL ESTATE PARTNERS, LLC, as proponent of this Plan,

24  requests confirmation of this Plan pursuant to §§ 1129(a) and/or 1129(b) of the Bankruptcy Code.

25          DATED this 25th day of March, 2020.

26                                  STEPHEN R. HARRIS, ESQ.
                                    HARRIS LAW PRACTICE LLC

27

28                                  _____
                                    Attorney for Debtor

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

20

## <u>VERIFICATION</u>

I, Jeri Knudson, Manager of the Debtor, declare under penalty of perjury that I have read the foregoing DEBTOR'S PLAN OF REORGANIZATION, and that the contents contained therein are true and correct to the best of my knowledge, information and belief.

DATED this 26th day of March, 2020.

Jeri Knudson, Manager
ESSEX REAL ESTATE PARTNERS, LLC

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600